# MEMORANDUM

OF

# A CASE NOT REPORTED IN FULL.

---

IN THE MATTER OF THE PROBATE OF THE LAST WILL AND
TESTAMENT OF JOHN BAIRD, DECEASED.

*Probate of a will — admissions of a legatee, tending to show that the testator was induced
to make the will by fraud and undue influence, cannot be received where other legatees
and devisees are interested in the estate passing under the will.*

APPEAL from an order of the Surrogate's Court for the county
of Monroe, admitting to probate the last will and testament of
John Baird, deceased.

By the terms of the will the testator disposed of all his estate,
consisting of real and personal property, naming his widow, Isabella
Baird, and his daughter, Helen A. Baird, as the only devisees and
legatees. He left him surviving him two other children, James
and William, the issue of a former marriage, who were of full age.
The value of the estate was between ten and twelve thousand dol-
lars. The widow and Henry J. Hetzel were named as executors.
The daughter, Helen A., was a minor at the time of the probate of
the will, and she and her mother and Hetzel, the executor, pro-
pounded the will for probate. The sons, James and William,
resisted the probate on the ground that the testator did not possess
testamentary capacity at the time of the making of the will; and
that he was induced to make the same by fraud and undue influence
imposed upon him by his wife. The marriage between the widow
and the deceased took place in 1876, and the will was executed in
1882, and the testator died in 1883.

The court at General Term, after stating that a careful reading of the
evidence satisfied it that the deceased was, at the time of making the
will, possessed of testamentary capacity and that the charges that he was
induced to execute it by fraud and undue influence was not established,
said: " This brings us to the consideration of the exceptions taken by

the appellants to the exclusion of evidence offered by them in support of the allegation of undue influence. The offer consisted of statements and admissions claimed to have been made by Mrs. Baird, to third persons, after the execution of the will, which if competent, would have tended to support the charge of fraud and undue influence on her part. It is not disputed but that the rejected .evidence would have been competent as against Mrs. Baird, if she had been the only party to be affected by it. She was a party to the record, and the fact in issue involved her personal conduct and tended to prove that probate of the will should have been refused if she alone was to be affected thereby. It is also contended that the evidence was competent as against the other legatee, the infant daughter of the deceased. The admissions, for the purpose for which they were offered, were, as we think clearly incompetent. The infant legatee claimed her interest in the estate of the testator by and through the will, and she could not be divested of such interest by the admissions and statements of another, although such person was also a party to the record and claimed an interest in the estate by and under the same instrument. Such a rule of evidence would be manifestly unfair and unjust, and has no existance in the laws of evidence as established in this State. The question is to be determined by the general rules of evidence, and the principles upon which they are founded, as there is no exceptional rule applicable to controversies relative to the validity of wills. The admissions of a party to the record, against his interest, are, as a general rule, competent evidence against him, and applies in all cases where there are other parties jointly interested with the party making the admission, and then the evidence affects all alike. But this rule does not apply to cases where there are other parties to be affected who have not a joint interest, or do not stand in some relation or privity to the party whose admission was relied upon. A mere community of interest is not enough. (1 Green. Evi., § 176 ; *Shailer* v. *Bumstead*, 99 Mass., 112, 127; *Osgood* v. *Manhattan Co.*, 3 Cow., 612.) One tenant in common cannot admit away the rights of his co-tenants. (*Dan* v. *Brown*, 4 Cow., 492.) Nor can the admissions of one of two joint contractors where they are not partners, deprive the other of his defense where both are sued upon a joint covenant in the contract. (*Lewis* v. *Woodworth*, 2 Comst., 512.) In the case of

partners, each partner is the agent of the firm and of other partners, and has a right to act for all the members of the firm, and the rule that the admission of a party jointly interested with another affects and binds both is applicable to this and a kindred class of cases. But we need only to say in disposing of the question, as now presented, that the rule invoked has no application. In a legal sense, the devisees and legatees under the will in question are not jointly interested. They have a common interest in maintaining the probate of the will, but the interest and estate devised to each, by the testator, is entirely seperate and distinct, as to both the real and personal estate. The will contained a separate gift of personal property to the widow, which was indentified by a special description.

" By another clause the use and income of all the remainder of the personal property was bequeathed to the widow during the minority of the other legatee, and upon the latter attaining full age the same is to be divided between them equally. In the next clause the use of a house and lot is given to Mrs. Baird during the minority of her daughter, and, upon the latter's reaching her majority, the same is to be sold by the executors and the proceeds equally divided between them. Their respective estates in the property thus devised and bequeathed are separate and distinct from the time they became vested by the death of the testator. Neither has any power, in any way or manner, to manage, sell or control the interest of the other. It was not competent, therefore, to receive the rejected evidence as against Mrs. Baird, for it could not be used without injuriously affecting the other legatee, against whom it was entirely incompetent. The probate of the will must be admitted or rejected as a whole under the laws of this State.

" It has been held in many cases that devisees and legatees have not such a joint interest in the will which will make the admissions of one, though a party to the record in probate proceedings, admissible as against other legatees who are also parties to the same record. (1 Greenlf., § 176 ; *Shailer* v. *Bumstead*, 99 Mass., 112 ; *Clark* v. *Morrison*, 25 Pa. St., 453 ; *Brush* v. *Holland*, 3 Bradf., 240.) The appellants cite and rely upon the case of *Horn* v. *Pullman* (10 Hun, 473) as an authority in support of their argument, that their exceptions to the rejection of the evidence were well taken. On reading the opinion of the court in that case, it will be

observed that it was stated that, by the will under consideration, the property disposed of was given to the legatees jointly, and for that reason the admission of one of them was competent against the other in probate proceedings without giving the language of the will which created the joint estate. That case was affirmed in the Court of Appeals (72 N. Y., 269), but the court declined to pass upon the question of evidence which was discussed in the opinion of the General Term.

"The ruling of the surrogate, made upon the objection of the infant legatee, excluding the declarations of Mrs. Baird, made before her marriage with the deceased, in which she stated the object and purpose she had in view in seeking a marriage with the testator, were for the same reason properly rejected. Several other objections were taken by the contestants to the rulings of the surrogate in excluding items of evidence which have been considered, and no error is discovered in making the same.

"The decree should be affirmed, without costs of this appeal to either party."

*Benton & White*, for the contestants and appellants.

*W. O. Shuart*, for the executors.

*William E. Werner*, for the special guardian of Helen A. Baird.

Opinion by BARKER, J.; HAIGHT and BRADLEY, JJ., concurred.

Decree affirmed, without costs of this appeal to either party.